UNITED STATES DICTRICT COURT
DISTRICT OF KANSAS

Court File: (/)

FILED
U.S. District Court
District of Kansas

SEP 24 2021

Clerk, U.S. District Court
By_____ Deputy Clerk

1  Maikijah A Hakeem,

2            Plaintiff,

3  vs.

4  Kansas Department of Human Services,
5  Child Support Enforcement Division[1]
6  in their official and individual capacities,
7            Defendants.

COMPLAINT FOR VIOLATION OF THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT (CARES ACT)

2:21-CV-02417-JAR-TJJ

8  **I. INTRODUCTION**

9  1.    Plaintiff, Maikijah A Hakeem[2] brings this complaint under the CARES Act for

10  unauthorized taking of pandemic stimulus payment of $1,813.36 while at a medical facility

11  operated by the Department of Human Services. Defendants are the Kansas Department of

12  Human Services, the Commissioner, and its Child Support Enforcement.

13  **II. JUTRISDICTION and VENU**

14  2.    United States District Court has original under U.S. Const. Art. III; and subject

15  matter jurisdiction under U.S. Const. art. III to redress wrongs and grievances.

16  3.    This Court's venue is proper because one or more of the Defendants resides in

17  the State of Kansas.

18  **III. NATURE OF ACTION**

19  4.    Plaintiff brings this action under the Federal pursuant to Coronavirus Aid, Relief,

20  and Economic Security Act (CARES ACT) authorizing protections, causes of actions and

21  damage liabilities under the act. Specifically, Plaintiff alleges Defendants, in their official

---

[1] Hereinafter KDHSCSED.

[2] Hereinafter referred to as "Plaintiff"

Case 2:21-cv-02417-JAR-TJJ   Document 1   Filed 09/24/21   Page 2 of 12

22  capacity:

23      a. Illegally seized Plaintiff's Economic Impact Payment of $1,813.36;

24      b. Unlawfully applied Plaintiff's $1,813.36 EIP payment to his past-due child support
25         obligations;

26      c. Any credit of refund allowed or made to any individual by reason of section 6428 of
27         the Internal Revenue Code of 1986 (as added by this section) or by reason of
28         subsection (c) of this section shall not be–;

29      d. Subject to reduction or offset pursuant to section 3716 or 3720A of title 31, United
30         States Code;

31      e. Subject to reduction or offset pursuant to subsection (d), (e), or (f) of section [26
32         U.S.C. §6402] or;

33      f. Reduced or offset by other assessed Federal taxes that would otherwise be subject to
34         levy or collection. Pub. L. No. 116-136, §2201(d).

35                                   **IV.   PARTIES**

36  **Plaintiff:**

37      5.      Plaintiff Maikijah A Hakeem is a mental health patient and at all times mentioned
38  herein is civilly committed in the State of Minnesota, being in the care and custody of the
39  Department of Human Services. Plaintiff Maikijah A Hakeem is currently hospitalized at the
40  MSOP at 1111 Highway 73, Moose Lake, Minnesota 55767-9452.

41  **Defendants:**

42      6.      The DHS Child Support Enforcement Agency provide services for children and
43  are responsible for ensuring that certain court orders are enforced. All acts alleged herein

44 occurred while in the care of the Minnesota Department of Human Services, Minnesota Sex
45 Offender Program (MSOP).

46   a. Kansas Department of Human Services is the *responsible agency* bearing the
47    liability for unauthorized seizure of a Stimulus Payment created by Congress through
48    the CARES Act.

49   b. Defendant Jodi Howard is the Commissioner of the DHS. Mrs. Howard is the
50    *responsible authority* and bears the liability as the Commissioner for her agency and
51    employees for unauthorized seizure while Plaintiff is under hospitalization under her
52    direct care and custody. Mrs. Howard, in her official capacity bears that
53    responsibility to ensure the rights of Plaintiff while in her custody are not violated.
54    Mrs. Howard's employees have caused violations while implementing, retaining and
55    carrying out practices and policies that violate the CARES Act, causing Plaintiff's
56    stimulus payment to be seized without first obtaining an authorization for the seizure
57    of the EIP "CARES Act" "Stimulus Payment" in violation of the CARES Act.

58   c. KDHSCSED is an arm of the DHS and is liable for adhering to the policies and
59    procedures which violated Mr. Hakeem's rights. The KDHSCSED, while
60    implementing, retaining, and carrying out practices and policies of the DHS, violated
61    the CARES Act, causing hardship on Plaintiff.

62   d. The CARES Act statute mandates distribution of the advance refund to eligible
63    individuals. Incarcerated persons who otherwise qualify for an advanced refund are
64    not excluded as an "eligible individual." The DHS and its child enforcement
65    division's decision to intercept and seize Plaintiff's EIP as being excluded from the

66      advanced refund payments are contrary to law.

67      e. The harm felt by Plaintiff by having his EIP sized by Defendants is particularly
68          acute. He has additional financial burdens and other collateral consequences
69          associated with his incarceration. Plaintiff has to go without the basic essentials such
70          as clothes and hygiene products. The evidence demonstrates that Plaintiff is currently
71          suffering harm and such harm is neither speculative nor remote.

72                                     **V.   FACTS**

73      7.    Mr. Hakeem is involuntary hospitalized under a District Court Order as a mental
74  patient at the Minnesota Sex Offender Program.

75      8.    Upon notification, Mr. Hakeem was notified that while hospitalized under the
76  direct care and custody of the MDHS (MSOP), his rights under federal law (CARES Act) were
77  violated as his EIP was illegally seized in violation of the CARES Act.

78      9.    It is undisputed that Defendants illegally seized Plaintiff's EIP, which is contrary
79  to the CARES Act and was unauthorized. The Coronavirus Aid, Relief, and Economic Security
80  Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), codified in part at section 6428
81  of the Internal Revenue Code, 26 U.S.C.S. § 6428, establishes a tax credit for eligible
82  individuals in the amount of $1,200 ($2,400 if filing a joint return), plus $500 multiplied by the
83  number of qualifying children. 26 U.S.C.S. § 6428(a). The EIP is an advanced refund of the
84  subsection (a) tax credit and subsection (f) describes the mechanism for implanting the
85  advanced refund.

86

87   10.   At the early stages of the CARES Act, there were numerous cases around the Country in which peoples EIP's were illegally seized and applied to unpaid fines, child support and others. Former President Donald J. Trump issued a press release thereafter and stated that the EIP was not to applied to those issues, and was specifically to help people out in a time of crisis due to the COVID-19 pandemic. President Trump issued a statement to the IRS/Treasury Department to reverse their decisions on prior seizures, in which they did and the people affected were given their EIPs.

11.   As such, there have been a number of federal lawsuits which were handed down last year in which the federal courts enjoined defendants from withholding benefits pursuant to the CARES Act from the plaintiffs who filed the lawsuits and any class member on the sole basis of their incarcerated status. *See Scholl v. Mnuchin,* 494 F. Supp. 3d 661 (U.S. Dist. Ct. for the N. Dist. of Cal. Oct. 14, 2020).

12.   Because Defendants actions were "arbitrary, capricious and abuse of discretion or not in accordance with the law," this Court has the authority to set aside those decisions. A reviewing court may also "hold unlawful and set aside agency action, findings, and conclusions" that are "without observance of procedure required by law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."

13.   Federal courts have already correctly applied section 6428. Defendants' actions impose a barrier to obtaining CARES Act benefits that others do not face and the need to hurdle special obstacles is itself a detriment that confers standing. Plaintiff has standing in this lawsuit, as an injury-in-fact has occurred. An injury-in-fact is "an invasion of a legally protected interest," but this means an interest that that is only concrete and particularized and

109 actual or imminent-not an interest protected by statute. "A petitioner's 'legally protected
110 interest' need not be a statutorily created interest," and a plaintiff can have standing despite
111 losing on the merits. *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d
112 939, 950 (9th Cir. 2013); and citing *Lujan*, 504 U.S. at 560; *In re Special Grand Jury 89-2*, 450
113 F.3d 1159, 1172 (10th Cir. 2006)). Injury in fact is a "'judicially cognizable interest'- implying
114 that 'an interest can support standing even if it is not protected by law . . . so long as it is the
115 sort of interest that courts think to be of sufficient moment to justify judicial intervention.'" *In*
116 *re Special Grand Jury 89-2,* 450 F.3d at 1172.

117        14.    While Plaintiff's legally protected interest need not be a statutorily created
118 interest, it must be judicially cognizable. "[E]conomic injury is generally a legally protected
119 interest." *Ass'n of Pub. Agency Customers*, 733 F.3d at 951 (quoting *Cent. Ariz. Water*
120 *Conservation Dist. v. U.S. EPA*, 990 F.2d 1531, 1537 (9th Cir. 1993)). The federal court's
121 order in *Scholl* determined that defendants' failure to disburse an advance refund to plaintiffs
122 was an economic injury and plaintiffs' injury was actual and imminent because defendants had
123 already denied them payments. Significantly, Defendants have already intercepted/seized
124 Plaintiff's EIP advance refund payments and applied it to child support obligations, which
125 again is contrary to the CARES Act. Plaintiff has sufficiently established he is otherwise
126 eligible for an EIP but such a payment was intercepted/seized by Defendants. These facts easily
127 meet the injury in fact requirement. Plaintiff has established a legally cognizable right in the
128 payments Defendants intercepted/seized.

129        15.    To summarize, Plaintiff is challenging an agency's action, not seeking a tax
130 refund. For that reason, an adequate remedy is not available by filing a tax refund suit. Further,

131 Defendants have not demonstrated the action in question is anything other than final. For that
132 reason, Congress waived sovereign immunity under the Administrative Procedures Act (APA)
133 and the court has subject matter jurisdiction to hear the case.

134                                    **Cause of Action**

135     16.    Plaintiff's cause of action includes the CARES Act and violations of 6428. 2020
136 Recovery rebates for individuals; 2201(d)(1) to (d)(3), CARES ACT 2201(d)(1) to (d)(3) (child
137 support) authorizing causes of actions and liabilities under the act. Defendants actions
138 Unlawfully Withheld or Unreasonably Delayed Plaintiff's EIP.

139                                         **COUNT I**
140               **UNAUTHORIZED INTERCEPTION OF EIP IN VIOLATION OF**
141                                       **THE CARES ACT.**

142     17.    Mr. Hakeem incorporates all previous allegations as fully set forth herein. The
143 CARES Act regulates the dissemination of EIP benefits to the Secretary of the United States
144 Treasury pursuant to CARES ACT.

145     18.    Federal Courts have already determined and held that the language of section
146 6428(d) did not indicate that Congress left the definition of "eligible individual" open-ended or
147 otherwise up to the Secretary's discretion to change. Because federal courts have already found
148 and issued orders that incarcerated individuals are not excluded as an "eligible individual"
149 under the Act, it would follow that Defendants interpretation of the CARES Act is "not in
150 accordance with law."

151     19.    The acts and omissions by Defendants Kansas Department of Human Services
152 and the Child Support Enforcement Division of its office by illegally intercepting Plaintiff's
153 CARES Act (EIP) benefits constitutes a violation of the CARES Act. The acts and omissions

154 of Defendants specifically set forth above constitute the unauthorized interception of Plaintiff's
155 EIP benefits under the CARES Act.

156 20. The acts and omissions of Defendant Kansas Department of Human Services and
157 its Child Support Enforcement Division continue to engage in acts and omissions causing
158 damages by way of illegally intercepting Plaintiff's EIP benefits excluding Plaintiff from
159 receiving his legally authorized EIP through the CARES Act by Congress.

160 21. Defendants, Kansas Department of Human Services and its Child Support
161 Enforcement Division bear the relation of the government entity that violated the CARES Act
162 by intercepting Plaintiff's EIP benefits. Defendant (Howard) bears the relation of the
163 responsible authority as the Commissioner of Human Services through its agents, employees,
164 or representatives that violated the CARES Act by intercepting Plaintiff's EIP benefits created
165 by Congress through the CARES Act.

166 22. Defendant Kansas Department of Human Services Child Support Enforcement
167 Division bears the relation of the responsible authority as the representative that violated the
168 CARES Act by intercepting Plaintiff's EIP benefits under the CARES Act and applying to
169 child support.

170 23. Plaintiff's EIP was intercepted and applied to child support by Defendants
171 without legal authorization, and has caused him damages by these alleged violations in Count I,
172 as a direct and proximate result of Defendants' acts and omissions as specifically set forth
173 above.

174 24. Defendants Kansas Department of Human Services and its Child Support
175 Enforcement Division, are the responsible authority and government entities liable to Plaintiff,

176 who continues to suffer an injury-in-fact as a result of the violation, and as a result Plaintiff
177 brings this action against the responsible authority and government entity to recover his EIP
178 benefits in accordance with the CARES Act.

179     25.    Defendants are deemed to have waived any immunity to a cause of action
180 brought under Count I, in their official capacity.

181     26.    Unless relief is granted, Plaintiff will continue to be injured by Defendants as a
182 direct and proximate result of Defendants acts and omissions specifically set forth above.

183
184
## COUNT II.
## BREACH OF THE SECUIRTY IN VIOLATION OF THE CARES ACT.

185     27.    Mr. Hakeem incorporates all previous allegations as fully set forth herein.

186     28.    CARES Act "breach of the security of the data means unauthorized interception
187 of EIP benefits by a government entity that compromises the security and classification of the
188 EIP benefits." The Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L.
189 No. 116-136, 134 Stat. 281 (2020). "Unauthorized interception means a person or government
190 entity (Defendants) obtained, accessed or intercepted EIP benefits which are contrary to the
191 CARES Act.

192     29.    A government entity that illegally intercepts a person's EIP benefits and applies it
193 to either a fine, child support obligation or other unauthorized obligation must repay the
194 intercepted amount to the individual it was intercepted from. CARES Act.

195     30.    Based upon policy and procedures created and implemented by Defendants
196 Kansas Department of Human Services and KDHSCSED are in violation of the CARES Act,
197 and according to the CARES Act are mandated to return the intercepted amount.

198     31.    The acts and omissions of Defendants Kansas Department of Human Services

199  and Howard specifically set forth above violated the CARES Act; their conduct constitutes the
200  knowing unauthorized interception of Plaintiff's EIP benefits-not legally authorized by the
201  CARES Act to be intercepted and applied to child support obligations, fines or any other
202  obligations as such.

203  32.    The acts and omissions of Defendants, Howard bears the relation of the
204  responsible authority as the Commissioner of Human Services through its agents, employees,
205  or representatives that violated the CARES Act by illegally intercepting Plaintiff's EIP
206  benefits.

207  33.    The acts and omissions of Defendants Howard and KDHSCSED specifically set
208  forth above, determines that no interception was to have occurred in accordance with the
209  CARES Act regarding Plaintiff's EIP benefits. The acts and omissions of Defendants Howard
210  and KDHSCSED specifically set forth above concludes that they were fully aware of the
211  CARES Act and that they could not lawfully intercept Plaintiff's EIP benefits, but do so
212  anyway in complete violation of the CARES Act.

213  34.    The acts and omissions of Defendants Kansas Department of Human Services,
214  Howard and KDHSCSED failed to comply with the CARES Act for their acts and omissions as
215  stated above, and are the responsible authority or government entities that violated provisions
216  of the CARES Act. They are, therefore, liable to a person who suffers any injury-in-fact as a
217  result of the violation, and the person damaged may bring an action against the responsible
218  authority or government entity to cover any damages sustained in Count II.

219  35.    Defendants are by the CARES Act deemed to have waived any immunity to a
220  cause of action brought under Count II, in their official capacity.

36. Plaintiff's EIP benefits were unlawfully intercepted by Defendants without lawful consent, and this breach has caused an injury-in-fact by these alleged violations in Count II, as a direct and proximate result of Defendants' acts and omissions, as specifically set forth above. Unless relief is granted, Plaintiff's injury-in-fact will not be corrected by Defendants, as specifically set forth above.

## CLAIMS FOR RELIEF

37. Plaintiff requests a hearing in this matter.

38. Plaintiff requests a jury trial in this matter.

39. Plaintiff request the Court to grant the following relief:

 a) Judgment in favor of Plaintiff against Defendants Kansas Department of Human Services, Howard and KDHSCSED jointly and severely, for damages from the responsible authority or government entity for liabilities to a person who suffers an injury-in-fact as a result of the violation under the CARES Act.

 b) Judgment in favor of Plaintiff against Defendants in their official capacities jointly and severely, for damages under the CARES Act allowing the jury to award as applicable by Federal Law under the CARES Act, or as such a sum as a jury deems appropriate.

 c) Order Defendants to pay any and all other costs associated with the resolution of this matter, including all and any provisions of these claims for relief that is not currently known at the time the Complaint was filed.

 d) Such additional relief as the Court may deem just and appropriate due to the fact that Plaintiff is *pro se* and submits a Complaint requiring a liberal

243         construction of his allegations brought under the CARES Act although not
244         specifically listed.

## DEMAND FOR JURY TRIAL

246     40.    The undersigned further requests pursuant to the applicable Federal Rules of
247 Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

                                        Respectfully submitted,

                                        *(signature)*

                                        Maikijah A. Hakeem
                                        1111 Highway 73
                                        Moose Lake, Minnesota 55767-9452

254     Dated: 20 Sept 2021

State Of Minnesota
County of Carlton
Signed or attested before me on 9/20/2021 (date)
by Maikijah Hakeem (individual).

*(signature)*
Signature of Notary Public
(stamp)

JENNIFER LYNN ARHART
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2023