## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MAIKIJAH A. HAKEEM,**

     **Plaintiff,**

     **v.**

**KANSAS DEPARTMENT OF HUMAN SERVICES, CHILD SUPPORT ENFORCEMENT DIVISION, and JODI HOWARD, in her individual and official capacities as Commissioner of Kansas Department of Human Services,**

     **Defendants.**

**Case No. 21-2417-JAR-TJJ**

### ORDER TO SHOW CAUSE

Plaintiff Maikijah A. Hakeem, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action on September 24, 2021, alleging claims arising out of the garnishment of his economic impact payment under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act[1] to pay his child support arrears.  Plaintiff has named as Defendants the "Kansas Department of Human Services, Child Support Enforcement Division," and "Jodi Howard," in her individual and official capacities as its "Commissioner."[2]  On December 2, 2021, U.S. Magistrate Judge Teresa J. James issued a Notice and Order to Show Cause to Plaintiff, ordering him to either move for entry of default under Fed. R. Civ. P. 55(a) or show cause why this case should not be

---

[1] Pub. L. 116-136, 134 Stat. 281 (2020).

[2] Doc. 1 at 1, 3.

dismissed for lack of prosecution under Fed. R. Civ. P. 41(b).[3]  Plaintiff timely filed a motion for entry of default.[4]

Having reviewed the record, however, the Court finds that Plaintiff's Complaint is subject to mandatory screening under 28 U.S.C. § 1915(e)(2), which governs IFP proceedings. For the reasons explained below, the Court declines to enter default and instead directs Plaintiff to show cause why this action should not be dismissed for failure to state a claim on which relief may be granted.

## I.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss an IFP action "at any time" if it determines that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."[5]  To determine whether a complaint states a claim, the Court applies the same standard used in resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[6] To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[7]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[9]  Because Plaintiff proceeds *pro se*, the Court construes

---

[3] Doc. 8.

[4] Doc. 10.

[5] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

[6] *See Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[8] *Id.*

[9] *Id.*

his Complaint liberally.[10]  But the Court does not assume the role of Plaintiff's advocate, and he still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based."[11]

## II.    Discussion

Plaintiff alleges in his Complaint that Defendants "[i]llegally seized" his economic impact payment under the CARES Act and "[u]nlawfully applied" it to his past-due child support obligations.[12]  After reviewing the Complaint and the record, it appears that Plaintiff has misidentified the Defendants.  He has named an agency identified as the Kansas Department of Human Services and its Commissioner, Jodi Howard, as Defendants.  But there is no such agency or commissioner in Kansas.  It is not clear whether he intended to sue the Kansas Department for Children and Families and its Secretary, Laura Howard, or the Minnesota Department of Human Services and its Commissioner, Jodi Harpstead.[13]

Even liberally construing his Complaint as naming the correct Kansas Defendants, however, the Complaint fails to state a plausible claim for relief.  In the early days of the COVID-19 pandemic, the CARES Act provided economic impact payments of up to $1,200 per adult for eligible individuals, plus $500 per qualifying child.[14]  The CARES Act prohibits economic impact payments from being offset to collect certain state or federal debts, but not

---

[10] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018).

[11] *Id.* (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[12] Doc. 1 at 2.

[13] The allegations in the Complaint suggest Plaintiff may have intended to sue the latter.  For instance, the Complaint alleges that Plaintiff is a "mental health patient and . . . [a]ll acts alleged herein occurred while in the care of the Minnesota Department of Human Services," and it claims that Jodi Howard "is the responsible authority and bears the liability as the Commissioner for her agency and employees for unauthorized seizure while Plaintiff is under hospitalization under her direct care and custody."  Doc. 1 at 2–3.

[14] *See* CARES Act, Pub. L. 116-136, § 2201, 134 Stat. 281, 335 (2020) (codified at 26 U.S.C. § 6428).

past-due child support.[15]  An eligible individual's economic impact payment under the CARES

Act can be offset up to the amount of the child support debt owed.[16]  Based on the facts alleged

in the Complaint, Plaintiff's economic impact payment under the CARES Act was properly

offset because he owed past-due child support.

As support for his assertion that the garnishment of his economic impact payment was

unlawful, Plaintiff cites *Scholl v. Mnuchin*,[17] but his reliance is misplaced.  There, a district court

found that incarcerated persons are "eligible individuals" for purposes of the CARES Act, so it

enjoined the Internal Revenue Service from withholding economic impact payments from

members of a class of incarcerated individuals on the "sole basis of their incarcerated status."[18]

Here, the Complaint does not allege that Plaintiff did not receive his economic impact payment

because he was incarcerated; it alleges that he did not receive his economic impact payment

because the payment was intercepted and applied to his past-due child support, as authorized by

the CARES Act.  Accordingly, the Court directs Plaintiff to show cause why this action should

not be dismissed for failure to state a claim pursuant to § 1915(e)(2).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Maikijah A. Hakeem

must show cause in writing to this Court by **February 17, 2022**, why this action should not be

dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2).  Failure to do so will result in dismissal of this case in its entirety.

---

[15] *Id.* § 2201(d); *see also Frequently Asked Questions*, Bureau of the Fiscal Serv., https://fiscal.treasury.gov/top/faqs-for-the-public-covid-19.html (last updated July 9, 2021) ("The Economic Impact Payment under the CARES Act can be offset through [the Treasury Offset Program] only to collect delinquent child support obligations . . . .").

[16] *See Frequently Asked Questions*, *supra* note 15; *see also Ortiz-Rivas v. Mnuchin*, No. 20-CV-1844-PP, 2021 WL 1400931, at *2 (E.D. Wis. Apr. 14, 2021), *reconsideration denied*, 2021 WL 3145849 (E.D. Wis. July 26, 2021).

[17] 494 F. Supp. 3d 661 (N.D. Cal. 2020).

[18] *Id.* at 689, 691–93.

**IT IS SO ORDERED.**

Dated: February 2, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE